UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                    :
ELIZABETH KREAM, M.D.,                              :
                                                    :
                              Plaintiff,            :          25-CV-7456 (JAV)
                                                    :
        -v-                                         :          OPINION AND ORDER
                                                    :
NAVADERM PARTNERS LLC, et al.,                      :
                                                    :
                              Defendants.           :
                                                    :
----------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Plaintiff Elizabeth Kream, M.D. ("Plaintiff"), brings this action against

Defendants Navaderm Partners LLC ("Navaderm"), Jordan Wang, M.D. ("Dr.

Wang"), and Roy Geronemus, M.D. ("Dr. Geronemus") (collectively "Defendants"),

for fraudulent inducement, breach of contract, negligent misrepresentation, and sex

discrimination in violation of the New York City Human Rights Law ("NYCHRL").

ECF No. 19 ("Compl."). Defendants have moved to dismiss the Complaint for

failure to state a claim. ECF No. 32. For the reasons that follow, the motion to

dismiss is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

        The following allegations are taken from the Complaint and are assumed to

be true for purposes of this motion to dismiss.

        Medical doctors who wish to pursue careers as cosmetic dermatologic

surgeons can apply to a cosmetic surgery fellowship at the completion of their

residency. Compl., ¶ 18. The purpose of a cosmetic surgery fellowship is to train a

dermatologist to perform cosmetic surgeries by working alongside a fully trained cosmetic surgeon. *Id.* The accrediting organization for these fellowships, ASDS, requires a fellow to personally participate in at least 260 procedures with direct supervision and observe 1000 procedures, also under supervision, to graduate from the fellowship. *Id.*

In the fall of 2021, following completion of medical school and a four-year residency in dermatology, Plaintiff applied to a number of cosmetic surgery fellowship programs, including one offered by Navaderm at the Laser & Skin Surgery Center of New York ("LSSCNY"). *Id.*, ¶¶ 16-17, 19. Plaintiff interviewed with Dr. Geronemus and Dr. Wang at LSSCNY, at which time they confirmed that as the ASDS fellow, Plaintiff would perform procedures with Dr. Geronemus. *Id.*, ¶ 22. Plaintiff ranked LSSCNY as her top choice, and was matched with Navaderm's fellowship program. *Id.*, ¶¶ 27, 30.

On July 1, 2022, Plaintiff began at the LSSCNY fellowship. *Id.*, ¶ 35. A week after starting, Dr. Geronemus told Plaintiff that she would be performing research full time and would not begin procedures with him until October 2022. *Id.*, ¶ 38. When Plaintiff asked if she could observe and perform procedures with other surgeons in the practice, either the doctor would refuse, or the research department would generally not permit her to leave the research floor for that purpose. *Id.*, ¶ 40. When she was given the opportunity to perform a procedure, she would receive little or no supervision or training. *Id.*, ¶ 41.

In August 2022, Plaintiff requested that she be permitted to accompany Dr. Geronemus to a cosmetic dermatology conference. *Id.*, ¶ 42. During his time as the ASDS Cosmetic Surgery Fellow, Dr. Wang was not only permitted to attend the conference alongside Dr. Geronemus, but Dr. Geronemus arranged for Dr. Wang to serve as a co-director of the event. *Id.* Dr. Geronemus, however, denied Plaintiff's request to attend the conference. *Id.*, ¶ 44.

In October 2022, three months into the one-year fellowship, Plaintiff was finally permitted to shadow Dr. Geronemus, but only for a few hours every other Friday. *Id.*, ¶ 47. LSSCNY continued to deny Plaintiff other opportunities to shadow or receive training from the attending physicians the program listed for the purposes of ASDS program accreditation, even though ASDS requires that at least two faculty members be involved in the training of each fellow. *Id.*, ¶ 50.

By January 25, 2023, halfway through her fellowship year, Plaintiff had still performed or observed only a small fraction of the cases required to graduate from the fellowship program. *Id.*, ¶ 60. She therefore resigned from the LSSCNY fellowship and applied to a new fellowship, which she began in July 2025. *Id.*, ¶¶ 64-65.

The Complaint also recounts incidents where Dr. Geronemus allegedly mocked Plaintiff by using stereotypically female hand gestures and speech, *id.*, ¶ 53, and where staff members advised Plaintiff to style her hair and wear makeup and nail polish in order to be permitted to shadow more frequently on the clinical floor. *Id.*, ¶ 59.

## LEGAL STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [the standard] requires more than labels[,] conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The Court's charge in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)).

## DISCUSSION

The Complaint sufficiently states claims for fraudulent inducement, breach of contract, and sex discrimination in violation of NYCHRL. Plaintiff fails to allege facts that plausibly establish that Defendants owed her a fiduciary duty, however. Thus, she cannot maintain a claim for negligent misrepresentation.

4

## A.    Fraudulent Inducement

Plaintiff alleges that she was fraudulently induced to select Defendants' fellowship program by false promises that the fellowship would satisfy the ASDS clinical requirements.  "To state a claim for fraudulent inducement under New York law, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury."  *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 323 (S.D.N.Y. 2012) (cleaned up).

"Under New York law 'it is elementary that where a contract or transaction was induced by false representations, the representations and the contract are distinct and separable. . . . Thus, fraud in the inducement of a written contract is not merged therein so as to preclude an action for fraud.'"  *Stewart v. Jackson & Nash*, 976 F.2d 86, 88-89 (2d. Cir. 1992) (cleaned up) (quoting 60 N.Y. Jur. 2d *Fraud and Deceit* § 206 at 740 (1987)).  To establish a claim for fraudulent inducement of an employment contract separate from a breach of contract action, a plaintiff must demonstrate that the misrepresentations are "of present fact," rather than "promissory statements as to what will be done in the future."  *Id.* (cleaned up); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 184 (2d Cir. 2007) ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement.").  This general rule prevents a party from improperly

5

converting a breach of contract claim into a duplicative fraud claim by simply adding an allegation "that [the] defendant never intended to perform the precise promises spelled out in the contract between the parties." *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001).

New York law recognizes an exception to this rule, however, where the false statements that give rise to the fraudulent inducement claim are collateral or extraneous to the agreement entered into by the parties. *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 233-34 (S.D.N.Y. 2012). In such circumstances, a fraudulent inducement claim would not be redundant of a breach of contract action. *Id.* Thus, "a promise that was actually made with a preconceived and undisclosed intention of not performing it constitutes a misrepresentation of a material existing fact" for which a fraudulent inducement claim can lie if such promise was not spelled out in the contracts. *Id.* (cleaned up) (quoting *Sabo v. Delman*, 3 N.Y.2d 155, 160 (1957)); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 183 (2d Cir. 2007) ("Under New York law, parallel fraud and contract claims may be brought if the plaintiff (1) demonstrates a legal duty separate from the duty to perform under the contract; (2) points to a fraudulent misrepresentation that is collateral or extraneous to the contract; or (3) seeks special damages that are unrecoverable as contract damages."); *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) ("[A] promise to take some future action which is collateral to the contract can be considered a 'misrepresentation' for purposes of a fraud in the inducement cause of action.").

6

According to Plaintiff, her fraudulent inducement claim is based upon the misrepresentation that Defendants "would offer the fellowship program mandated by the ASDS when they had no intention of doing so."  ECF No. 36 ("Pl. Mem.") at 12.  Contrary to Defendants' arguments in their motion to dismiss, ECF No. 34 ("Def. Mem.") at 9-11, the Complaint plausibly alleges facts sufficient to establish such misrepresentation.  But this is not a misrepresentation of present fact;  rather, it is a misrepresentation regarding Defendants' intentions.  Accordingly, to proceed with such a claim, Plaintiff must establish that such misrepresentations were not embodied in the contract.

Plaintiff specifically alleges the existence of a contract "under which Navaderm would offer [Plaintiff] a cosmetic surgery fellowship program that would meet the ASDS requirements and [Plaintiff] would enroll and participate in the fellowship program."  Compl., ¶ 31.  Accepting these allegations as true, the misrepresentation that forms the basis for Plaintiff's fraudulent inducement claim is not collateral to the contract terms and Plaintiff cannot proceed on her fraudulent inducement claim.

Yet Defendants do not seek to dismiss the fraudulent inducement claim as duplicative of Plaintiff's breach of contract claim.  Defendants instead argue that the breach of contract claim should be dismissed because the Complaint fails to sufficiently plead the existence of a contract.  Def. Mem. at 14-15.  As discussed *supra*, the Complaint does sufficiently allege a breach of contract.  Because it is unclear at the pleading stage whether Plaintiff will ultimately be able to establish

the existence of a valid contract, the Court preserves Plaintiff's fraudulent

inducement count as an alternative claim. *Xeriant, Inc. v. XTI Aircraft Co.*, 762 F.

Supp. 3d 345, 360 (S.D.N.Y. 2025).

**B.    Breach of Contract**

"[A] party alleging a breach of contract must demonstrate the existence of a

contract reflecting the terms and conditions of their purported agreement."

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-82 (2011) (cleaned up).

"A complaint fails to sufficiently plead the existence of a contract if it does not

provide factual allegations regarding, *inter alia*, the formation of the contract, the

date it took place, and the contract's major terms.  Conclusory allegations that a

contract existed do not suffice." *Lamda Sols. Corp. v. HSBC Bank USA, N.A.*, 574

F. Supp. 3d 205, 213 (S.D.N.Y. 2021) (cleaned up).

Navaderm contends that the Complaint only "vaguely" alleges the existence

of a contract, but fails to specify the parties to the agreement, the consideration for

the contract, or which terms were allegedly breached.  Def. Mem. at 15.  Yet the

Complaint plainly states that the parties to the contract at issue were Plaintiff and

Navaderm, *see* Compl., ¶ 79, that the contract was formed on January 13, 2022,

when Plaintiff was matched to the Navaderm program, *id.*, ¶ 30, that as

consideration "[Plaintiff] and Navaderm agreed that [Plaintiff] would enroll in the

LSSCNY fellowship program and render services to Navaderm in exchange for

receiving training and supervised procedures necessary to complete the fellowship

program and qualify as a board certified cosmetic surgeon," *id.*, ¶ 79, that Plaintiff

performed under the contract and provided services to Navaderm, *id.*, ¶ 80, and that Navaderm "breached the agreement by failing to provide [Plaintiff] with the training and supervised procedures necessary for [Plaintiff] to complete the fellowship program and qualify as a board-certified cosmetic surgeon," *id.*, ¶ 81. Plaintiff's motion to dismiss the breach of contract claim is therefore denied.

## C.    Negligent Misrepresentation

"To state a claim for negligent misrepresentation under New York law, the plaintiff must allege that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (cleaned up).  Under the first prong, a special relationship giving rise to a duty to provide correct information arises only where there is "actual privity of contract between the parties or a relationship so close as to approach that of privity." *Id.*  The special relationship requires a showing that plaintiff is owed a fiduciary duty. *Kwon v. Yun*, 606 F. Supp. 2d 344, 356 (S.D.N.Y. 2009).

An "employer-employee relationship does not constitute a special relationship sufficient to support a claim for negligent misrepresentation." *Naughright v. Weiss*, 857 F. Supp. 2d 462, 470 (S.D.N.Y. 2012) (quoting *Kwon v. Yun*, 606 F. Supp. 2d

9

344, 356 (S.D.N.Y. 2009)); *accord Columbo v. Philips Bryant Park LLC*, No. 22-CV-775 (RA), 2024 WL 1138942, at \*13 (S.D.N.Y. Mar. 15, 2024), *reconsideration denied*, No. 22-CV-775 (RA), 2024 WL 3227090 (S.D.N.Y. June 28, 2024).  Thus, false promises made to induce a potential employee to enter into an employment agreement are not actionable as negligent misrepresentations.  *See, e.g., Cannon v. Douglas Elliman, LLC*, No. 06-CV-7092, 2007 WL 4358456, at \*11 (S.D.N.Y. Dec. 10, 2007).

Plaintiff's claim for negligent misrepresentation, like her claim for fraudulent inducement, is based upon the Defendants' allegedly false representation that the LSSCNY fellowship would meet ASDS requirements when they knew it would not. Pl. Mem. at 14.  Defendants, as future employers, did not have a special relationship with Plaintiff that would impose upon them a duty to provide her with correct information.  That Plaintiff was applying for a surgical fellowship does not alter this analysis.  *See, e.g., Watson v. Richmond Univ. Med. Ctr.*, No. 14-CV-1033 (RRM) (LB), 2015 WL 5316233, at \*6 (E.D.N.Y. Aug. 19, 2015), *report and recommendation adopted*, No. 14-CV-1033 RRM LB, 2015 WL 5316244 (E.D.N.Y. Sept. 11, 2015) (dismissing negligent misrepresentation claim of research fellow due to lack of special relationship).  Therefore, Plaintiff fails to state a claim for negligent misrepresentation.

**D.    NYCHRL**

To state a claim for gender discrimination under the NYCHRL, a plaintiff must plead differential treatment of any degree based on a discriminatory motive.

*Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 330 (S.D.N.Y. 2024).  "A plaintiff can raise an inference of a discriminatory motive in a number of ways, including by pleading direct evidence of discrimination—a comment indicating prejudice on account of a protected characteristic, for example, or by pleading specific facts suggesting that other, similarly situated employees outside of the plaintiff's protected class were treated better than the plaintiff."  *Rothbein v. City of New York*, No. 18-CV-5106 (VEC), 2019 WL 977878, at *9 (S.D.N.Y. Feb. 28, 2019) (citation omitted).

Defendants contend that Plaintiff fails to raise an inference of discriminatory motive, as the Complaint "does not allege that any male fellows were treated more favorably than her."  Def. Mem. at 16.  This is not correct.  Plaintiff alleges that, when he was a fellow, Dr. Wang was treated more favorably in that he was permitted to attend a significant conference and given leadership opportunities that she was denied.  *See* Compl., ¶¶ 42-44.  Plaintiff additionally alleges that two male fellows, Dr. Wang and Dr. Hashemi, were provided with the training and supervision necessary to meet the fellowship requirements, while she was not.  *Id.*, ¶ 62.  She further alleges that Dr. Geronemus mocked her by using stereotypically female hand gestures and speech when speaking to her and about her.  *Id.*, ¶ 53.  These allegations are more than sufficient to raise an inference that the conduct at issue was motivated by Plaintiff's gender.

## CONCLUSION

Defendants' motion to dismiss the claim for negligent misrepresentation is

**GRANTED**.  Defendants' motion to dismiss in all other respects is **DENIED**.  The

Clerk of Court is instructed to terminate ECF No. 32.

SO ORDERED.

Dated:  June 25, 2026
    New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge